**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**James N. MONROE, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1979.

Discretionary Review Denied June 5, 1979.

Robert F. Stephens, Atty. Gen., George Geohegan III, Asst. Atty. Gen., Frankfort, William P. Croley, Asst. Commonwealth Atty., 12th Judicial Dist., LaGrange, for appellant.

Jack Emory Farley, Public Advocate, William M. Radigan, Asst. Public Advocate, Commonwealth of Kentucky, Frankfort, for appellee.

Before GANT, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from an order entered February 9, 1978, dismissing an indictment for second degree escape from the Kentucky State Reformatory, brought against the appellee pursuant to KRS 440.450, Interstate Agreement on Detainers, wherein the trial court held that the appellee was within the terms of the detainer act by virtue of a warden's warrant, and that a trial had not been commenced within 180 days, as required by the detainer act.

On or about June 21, 1975, the appellee allegedly escaped from the Kentucky State Reformatory at LaGrange. Subsequently, he was convicted on a different charge in Ohio, and imprisoned at the London Correctional Institute at London, Ohio. A warden's warrant, pursuant to KRS 440.010, charging the appellee with escape was issued, and on November 2, 1976, a detainer was lodged against the appellee at the Ohio prison. Appellee made a demand for final disposition and speedy trial, pursuant to the Interstate Agreement on Detainers, KRS 440.450. This demand was received by the Oldham Commonwealth Attorney's office

on November 6, 1976. In a letter dated December 1, 1976, the Commonwealth Attorney advised the appellee that this was not a detainer subject to the uniform act, but that his trial would be conducted in March of 1977. In a letter dated February 1, 1977, the prosecutor advised the Ohio prison authorities that he was withdrawing the December 1976 request for temporary custody of the appellee because there was not a warrant or indictment on file. The appellee was indicted for the offense of escape in February 1977, and a bench warrant and detainer were issued on February 24, 1977. He made a second demand for speedy trial in August of 1977. After a series of other legal activities, appellee was returned to the Kentucky State Reformatory on November 2, 1977. A trial was scheduled on February 10, 1978. Following an evidentiary hearing on the motion to dismiss the indictment on February 6, 1978, the trial court dismissed the escape indictment with prejudice. This appeal followed.

Appellant sets out the argument that the trial court committed reversible error in finding that a warden's warrant is an untried complaint within the meaning of KRS 440.450, the Interstate Agreement on Detainers, and that the time for bringing a defendant to trial under the act begins to run with the placing of a detainer as a result of a warden's warrant.

Appellee argues that the issue presented by the appellant has not been properly preserved for appellate review and that the trial court properly concluded that a warden's warrant, pursuant to KRS 440.010, is a complaint within the purview of the Interstate Agreement on Detainers.

This Court reverses the judgment of the trial court and remands this matter for action consistent with this opinion.

■ The warden's warrant issued pursuant to statute is only a notice to appropriate authorities that an individual is an escapee from a penal institution in Kentucky. In and of itself, it is not a request for a detainer which would be subject to the terms of the Interstate Agreement on Detainers.

The types of detainers covered by the Interstate Agreement are specifically set out therein and are limited to untried indictments, informations and complaints, and certain parole warrants. We believe there is significance in enumerating certain categories of detainers while omitting others.

Here, the appellee did not suffer any loss of liberty as a result of the detainer placed against him because he was already imprisoned for a different offense in Ohio. The appellee was brought to Kentucky as a result of a demand having been made prior to, or at least simultaneously with, the release from the Ohio prison.

The warden's warrant does not charge the escapee with the crime of escape. It is only a notice of the fact of such escape. The detainer is based on the original charge which caused the imprisonment and not on any new offense of escape.

A new offense charging the crime of escape was not lodged against the appellee until February 1977. He could not have been entitled to a speedy trial because the appellee already had an original trial on the offense for which he was imprisoned.

Appellee's first demand for a speedy trial was premature because no charge was then pending. In August 1977 he filed a proper demand for a speedy trial and the case was ultimately set for February 10, 1978, within 180 days from his proper demand.

Letters and other communications from the Commonwealth Attorney do not constitute a complaint, indictment or other proceeding enumerated in the Act. The initiation of the escape charge was the indictment in February 1977.

It appears to us that the action of the trial court is an improper extension of the application of KRS 440.450 to a detainer based on a status not enumerated in the act. Accordingly, it is our opinion that the trial court erred in dismissing the indictment for escape against the appellee. This matter is remanded to the trial court for action consistent with this opinion.

All concur.